**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN WORTHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF WASHINGTON, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:25-cv-00813 (UNA)<br>*SEALED* |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application and dismisses this case for the reasons explained below.

Plaintiff, who resides in Sequim, Washington, attempts to bring this matter *qui tam* on behalf of the United States pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3732, against multiple defendants, which he may not do.

As background, whistleblowers are authorized to bring *qui tam* actions under the FCA, which is "an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003). The FCA authorizes a private individual, as a relator, "to bring [a *qui tam*] action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted); 31 U.S.C. § 3730. However, in federal courts, a plaintiff "may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654. Here, the United States is "the real party in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015); therefore, the "*pro se* plaintiff may not file a *qui tam* action[,]" *Jones v. Jindal*, 409

Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government") (citing cases)); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants."). Indeed, it is well established that "*pro se* parties may not pursue these actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015); *see Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (collecting cases and noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States").

This rationale is rooted in the well-founded principal that a *pro se* litigant can represent only herself in federal court. *See* 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted). Consequently, plaintiff has neither a constitutional nor a statutory right to pursue the claims of the United States, or anyone else, without counsel.

Accordingly, the complaint, and this the case, are dismissed. A separate order accompanies this memorandum opinion.

Date:   April 28, 2025

                                          *Tanya S. Chutkan*
                                          TANYA S. CHUTKAN
                                          United States District Judge